HARDY, Judge.
This suit was filed by plaintiff, Indiana Lumbermen’s Mutual Insurance Company, against defendant, Billy D. Russell, praying for a declaratory judgment as to the question of coverage, vel non, under an automobile liability policy issued by plaintiff to defendant. From judgment in favor of defendant decreeing him to be covered by the policy in question as an insured while driving an automobile owned by his wife, the plaintiff has appealed.
The reason underlying plaintiff’s proceeding for a declaratory judgment is disclosed by the record, namely, that defendant, Russell, was involved in an accident on June 28, 1960, while driving his wife’s 1957 Ford automobile. By this action the plaintiff seeks to escape the possibility of liability under the policy issued to Russell as its insured.
The undisputed facts are that defendant, Russell, during the year 1956 purchased a Pontiac Catalina Fordor automobile and took out a policy of liability insurance, issued by plaintiff, covering said vehicle. In 1958 defendant married Sandra Faircloth, who at the time of said marriage owned a 1957 Ford Sedan, titled and registered in her maiden name, which has been so continued during the period of her marriage to defendant. Upon the date of marriage between defendant and Sandra Faircloth the latter had in force and effect a policy of public liability insurance on her automobile issued by State Farm Mutual Insurance Company. Subsequent to the marriage this policy expired and was not renewed, nor has any other insurance coverage on the wife’s car been purchased from any other company. Defendant’s insurance, under the policy issued by plaintiff, was continued on his Pontiac automobile by the usual custom of renewal of said policy, the latest renewal being dated February 12, 1960. Admittedly, this policy was in effect on June 28, 1960, the date of the accident in which defendant was involved while driving his wife’s automobile.
*493 The question raised by plaintiff’s action is whether the policy issued to defendant on his Pontiac automobile provided coverage upon his wife’s Ford automobile while being driven by Russell when the Ford car was not described in the policy issued by plaintiff to defendant.
The above issue has been thoroughly presented not only in arguments and briefs before this court, but has further been given elaborate consideration in an amicus curiae brief filed by counsel for another party who is seeking damages in a separate suit.
Reduced to the simplest terms, the issue presented requires a determination as to whether the defendant was a named insured protected against liability to third persons while driving a non-owned automobile.
The answer to the above question must necessarily depend upon the provisions of the policy of insurance, which represents a contract between plaintiff and defendant. A thorough consideration of the rules governing such interpretation is found in the opinion of Mr. Chief Justice Fournet in Hemel v. State Farm Mutual Automobile Insurance Company, 211 La. 95, 29 So.2d 483. The opinion in the cited case, upon the basis of authorities therein set forth, held that (a) an insurance policy is a contract .governed by the rules established with reference to the construction thereof; (b) •effect must be given to every part of the .agreement, if possible; (c) all ambiguities are to be construed in favor of the insured .and against the insurer, subject to the qualification that, if the intent of the parties is clearly evidenced by the terms of the contract, then the policy must be given a reason.able interpretation with relation to such intent as well as the object and purpose there of.
Reference to the policy discloses, under Part I thereof with respect to liability, that defendant is the named insured and covered .against liability while operating a non-owned automobile. This would appear to conclusively settle the issue here presented except for the fact that the policy contains other applicable and controlling provisions. The definition of a non-owned automobile, as used in Part I of the policy, is specifically set forth in the policy contract as meaning:
“* * * an automobile or trailer not ozvned by or furnished for the regular use of either the named insured or any relative, other than a temporary substitute automobile.” (Emphasis supplied.)
There is no contention in the instant case that the Ford automobile being driven by defendant at the time of the accident was a temporary substitute automobile, and, accordingly, we are confronted with the necessity of determining the ownership of the vehicle in question.
The record, and the admissions of all counsel as evidenced in their briefs, establishes, without contradiction, the fact that the 1957 Ford which defendant was driving at the time of the accident was owned by his wife at the time of her marriage to defendant; was registered and titled in her maiden name, Sandra Faircloth, which form of registration has continued. It must, therefore, be conclusively resolved that the Ford automobile was and has continued to be the separate property of the wife. LSA-C.C. Articles 2334, 2383.
The status of property, as community or paraphernal is fixed at the time of its purchase. Joseph v. Travis, La.App., 99 So.2d 548, citing Butler v. Burks, La.App., 99 So.2d 180 (also see Beals v. Fontenot, 5 Cir., 111 F.2d 956).
Upon the basis of the above facts, it is obvious that the Ford automobile was neither an owned automobile of the defendant insured nor a non-owned automobile of the nature to which coverage was extended by the policy in question.
Considerable argument has been devoted by counsel, pro and con, as to the manuals issued by the Louisiana Insurance Rating *494 Commission with respect to “family automobile coverage.” Reference to these man•uals, which are included in the record, effective, respectively, October 1, 1956 and May 1, 1958, discloses the identical definitions as to the named insured and a non-owned automobile which are found in the policy and have been hereinabove set forth. It follows that the provisions of these manuals do not'effect any change in the policy contract.
Again it is urgently contended by counsel for plaintiff-appellee, and exhaustively urged in the amicus curiae brief, that plaintiff could only exclude the Ford automobile from coverage under the policy issued to defendant by a specific provision incorporated in the policy contract by means of a rider attached thereto. This argument is countered by counsel for plaintiff-appellant on the ground that it was the duty of defendant to declare the Ford automobile as an additionally owned vehicle, and his failure so to do forfeited his coverage. Since we have above set forth what appear to us to be the plain, unambiguous and appropriate provisions of the policy, we do not regard either of these arguments as being material to a determination of the issue presented. By way of explanation, we reiterate our finding that defendant was under no obligation to declare the Ford automobile belonging to his wife as an owned automobile, nor was the plaintiff insurer under any like obligation to provide a specific exclusion clause, inasmuch as the, vehicle was not owned by its insured.
We think our conclusion in the instant case is completely in accord with the pronouncement in Leteff v. Maryland Casualty Company, La.App., 91 So.2d 123 (First Circuit, 1956, writs denied), which authority was supported by an elaborate, detailed and excellently reasoned opinion by Judge Ellis as the organ of the court.
For the reasons assigned the judgment appealed from is reversed, set aside and annulled, and
It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Indiana Lumbermen’s Mutual Insurance Company, decreeing that the policy of automobile liability insurance issued by plaintiff in favor of defendant, Billy D. Russell, does not extend coverage to the said defendant with respect to any damages sustained by any party as the result of the operation of the 1957 Ford automobile owned by defendant’s wife.
It is further ordered that all costs be taxed against defendant-appellee.