SAMUEL, Judge.
Defendant issued to plaintiff what is referred to as a credit life insurance policy-insuring the lives of persons borrowing money from plaintiff for the amount of the unpaid balance due at death, subject to certain policy limitations. While the insurance was in force the defendant made loans to one Marion Majore on the dates, for the amounts and with balances unpaid at his death, as follows:
Balance unpaid
“Date of Loan Amount at Death
10/ 5/60 $3420.00 $2761.10
10/ 5/60 $3768.00 $2983.00
11/10/60 $ 300.00 $ 247.90
2/23/61 $2160.00 $1980.00:
Mr. Majore died on June 29, 1961. His birth date was December 31, 1899. When the first three loans were made he was more than 60 years and nine months of age but had not yet reached 61 years. When the fourth loan was made he was more than one month over 61 years of age.
Plaintiff filed this suit on the theory that each loan was insured and since the debtor was not yet 61 years old when the first three loans were made, his life was insured for $2,500.00 (the maximum amount of insurance ages 56 to 60) under each of the first two loans, for the full amount of the third loan (which was $300.00, less than the maximum) and, since Mr. Majore was over 61 years and under 65 when the fourth loan was made, the maximum of $1,000.00 on that loan. The petition prays for judgment in the amount of $6,-247.90, this figure representing' the sums of $5,000.00 for the first two loans, the balance of $247.90 on the third and $1,-000.00 for the fourth, all with 6% penalty interest under a provision of the Insurance Code of this state. Defendant denied liability for anything more than $1,000.00 and deposited that amount in the registry of court with its answer. There was judgment in the trial court in the full amount as prayed and the defendant has appealed.
Appellant contends that its policy fixes a maximum amount of liability on the basis of each life and not upon each loan; that the maximum amount of insurance on Mr. Maj ore’s life was $1,000.00, the limit as to debtors 61 65 years of age, because he was 61 years of age as of his nearest birthday at the time the first two loans were made; and that, in any event, penalty interest should not be allowed.
Where the language of an insurance policy is free from ambiguity, it is the law between the parties and must be enforced as written. LSA-C.C. art. 1945, Third; Indiana Lumbermens Mutual Insurance Co. v. Russell, 243 La. 189, 142 So.2d 391. But where the language is ambiguous or susceptible of at least two reasonable constructions or interpretations, it must be construed most favorably to the insured and against the insurer. The laws of construction of an insurance policy were set out in the case of Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 527, 70 So.2d 111, 113, as follows:
“An insurance policy is a contract under the law and the rules established by our LSA-Civil Code for the interpretation of agreements are applicable. See Article 1945 et seq. Accordingly, if the words of the policy are clear and express the intent of the parties, the agreement is to be enforced as written. LSA-Civil Code Articles 1901 and 1945. But, if there is any ambiguity or doubt, the court must endeavor to ascertain the common intention of the parties by reference to other phrases or words of the agreement or by other similar contracts of the parties, Articles 1948, *846 1949 and 1950, LSA-Civil Code, bearing in mind that, if a clause or word is susceptible of more than one interpretation, it is to be understood in the sense that would make the obligation effective, Article 1951, LSA-Civil Code, and, additionally that doubtful language is to be construed against him who has contracted the obligation. Article 1957, LSA-Civil Code. Our law, therefore, conformable with the universal rule applicable to contracts of insurance, is that all ambiguities must be construed in favor of the insured and against the insurer.”
The policy provides that the policy itself and the application therefor shall constitute the entire contract. One of the provisions of the policy is:
“The amount of insurance which shall be in force on the life of each debtor insured hereunder shall be equal to the unpaid balance of his current contract indebtedness but in no event shall it exceed the following maximum amounts. (Emphasis added.)
Maximum Number of Months Maximum Amount Age of Insurance
18 to 50 5,000.00 vo co
51 to 55 3,500.00 VO co
56 to 60 2,500.00 VO co
61 to 65 1,000.00 vo CO
Nowhere in the entire contract is there any limitation as to the number of loans which could be insured on any one person. In some instances the language used stresses the requirement that “each loan” must be included. For example, the application provides : “Loans included: Each * * * loan of the following classes which is repayable in 36 months or less shall be included in the insurance plan for its full amount of outstanding balance subject to the limitations of amount as provided in the policy contract.” It would appear from this provision that each loan, rather than each life, is insured subject to the age limitations of amount. Since there is no limitation as to the number of loans to be insured this provision can reasonably be interpreted as meaning that the limitations of amount first above quoted apply to limitation of amount of each loan according to the age bracket of the borrower. It follows that the words “his current contract indebtedness” as contained in the quoted provision has reference to each separate loan and each separate loan could only be insured to the maximum amount of the debtor’s age bracket at the time the loan was incurred.
We are impressed by one additional fact. The plaintiff insured every loan it made and paid a premium thereon. This included all of the loans made to Mr. Majore. If the defendant’s position is correct it has collected premiums to which it was not entitled. It is true that the method of reporting the premiums due was such as to make it difficult, or even impossible, to determine from plaintiff’s reports the fact that premiums were being paid on loans which were not insured under defendant’s contention as tO’ policy limitation. But it is difficult for us to understand how the defendant could be unaware of this fact or why the plaintiff should have made such payments. We believe that the provision is capable of two reasonable interpretations and that the district court was correct in concluding, under all the facts and circumstances and under the applicable law, that the maximum limitations as to age refer to each loan.
In addition to its contention that the insuring clause is not ambiguous, one other defense is urged under LSA-C.C. art. 1956, which article provides that where the intent of the parties is doubtful the construction put upon the agreement by the manner in which it has been executed by the parties, or by one with the assent of the other, furnishes a rule for its interpretation.
Just a few days before the first loan was made to Mr. Majore plaintiff, through *847 its manager, and the defendant settled a somewhat similar claim involving a debt- or named Honoré. Mr. Honoré was slightly less than 65 years of age when he made loans of $3,000.00 and $1,980.00. At his death $281.98 was due on the smaller loan and $1,815.00 on the larger. Plaintiff made demand for the full amount of the unpaid balances but settled for $1,000.00 which the defendant claims was the maximum amount of coverage as limited by age.
We have carefully examined the evidence adduced in connection with the Hon-oré transaction and conclude that it is of no value in determining the intent of the parties as to their construction of the contract. There were other issues involved in the settlement and it is apparent that the plaintiff’s manager misunderstood the amount of coverage for a man of the age involved (there were special provisions relative to age 65). We are satisfied from the record that he accepted the $1,000.00 offer as a compromise settlement to avoid controversy and because, in his opinion, the settlement did not involve a loss sufficient in size to justify litigation. Furthermore, there is considerable doubt as to whether the manager, who was also a vice president, had the authority to make any binding construction of the policy. There was only one such incident involved and within a matter of a few days after the settlement plaintiff insured loans and paid premiums under similar conditions in the instant case. Since it is unlikely that plaintiff voluntarily would pay premiums on uncollectable insurance, it could not have considered the Honoré settlement as an interpretation of the insurance contract which prevented each loan from being insured under the policy.
We now address ourselves to the question of whether the decedent was 60 or 61 years of age when the first three loans were made, i. e., whether he came within “56 to 60” with a limit of $2,500.00 or “61 to 65” with a limit of $1,000.00 as set out in the above quoted schedule. As we have said, Mr. Majore was then actually 60 years and nine months of age and had not reached his 61st birthday. Plaintiff contends it is the “attained” age which governs while the defendant argues that the schedule refers to age at nearest birthday.
In another provision of the policy reference is made to the maximum amount of insurance on a debtor whose age “as of his nearest birthday” is more than 65 years, in which case the maximum amount of insurance is less than that contained in the quoted schedule. But we are of the opinion that reference to nearest birthday in connection with ages above those contained in the schedule, without the use of such words in the schedule itself, is a clear indication that “nearest birthday” does not apply to the schedule. The defendant drew the contract and we cannot reform this part for its benefit. In addition, the defendant readily admits that the schedule is not intended to exclude persons who were respectively 50, 55 and 60 years of age. Therefore, the age bracket reading “56 to 60” was intended to cover those who had already reached 60 years of age but who had not yet reached their 61st birthday. We conclude, with the trial judge, that the maximum amount of insurance, $2,500.00, is applicable to each of decedent’s first three loans.
We agree with defendant’s contention as to the allowance of 6% interest as penalty. The allowances can be made only under our insurance code, specifically under LSA-R.S. 22:656, which provides that upon failure of the insurer to pay a death claim within 60 days from the date of receipt of due proof of death, without just cause, the amount due shall bear interest at the rate of 6% per annum. In addition to the fact that plaintiff has not answered this contention in argument or in brief, we cannot say that the defendant was without just cause in contesting the claim. Siracusa v. Prudential Ins. Co. of America, 211 La. 1066, 31 So.2d 213. Ac *848 cordingly, we amend the judgment of the trial court so as to change the interest contained therein from 6% to the legal rate, 5%, to run from judicial demand.
For the reasons assigned, the judgment appealed from is amended only insofar as to delete therefrom the award of 6% interest from the 29th day of June, 1961 until paid and to substitute therefor interest at the rate of 5% per annum from date of judicial demand until paid. As thus amended and in every other respect the judgment appealed from is affirmed; costs in this court to be paid by the defendant-appellant.
Amended and affirmed.