526 So.2d 490 (1988)
Dana Kennedy PUCKETT
v.
STATE FARM INSURANCE COMPANY.
No. CA 87 0581.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
Rehearing Denied June 24, 1988.
*491 Clayton S. Knight, Franklinton, for plaintiff-appellant Dana Kennedy Puckett.
David P. Sirera, Covington, for defendant-appellee.
Before LOTTINGER, EDWARDS and ALFORD, JJ.
LOTTINGER, Judge.
This case involves the question of whether the full coverage provisions of a tenant's insurance policy applied to property destroyed by a fire at her new residence. From a judgment limiting coverage to ten percent of the insured's losses, the insured, hereinafter referred to as plaintiff, appeals. State Farm Insurance Company, the defendant, answered the appeal, seeking modification of the judgment's wording.

FACTS
In May of 1984, plaintiff purchased a tenant's insurance policy from defendant to insure her personal property. At this time, plaintiff was renting a place on the corner of Pearl and Royal Streets in Angie, Louisiana. In February of 1985, plaintiff changed her residence to a house owned by her parents on State Line Highway, near Angie, Louisiana. She never notified defendant of this move and on March 15, 1985, this second residence, along with plaintiff's personal property valued at $22,500, were destroyed by fire.
Defendant refused to pay the full amount of her loss, claiming that the policy contained a ten-percent limitation of liability for losses incurred at the insured's residence other than the "residence premises." "Residence premises" is defined by the policy as the residence listed on the declarations page, e.g. "Corner of Royal and Pearl St."
It was stipulated that the risk to defendant was not increased by plaintiff's move to her parents' house on State Line Highway. Additionally it was stipulated that the amount of plaintiff's loss was $22,500, less a $250 deductible.

TRIAL COURT
At the trial, both parties stipulated to the above facts, leaving the court with a legal question as to whether the limitation of liability applied.
In written reasons, the trial court noted that where the language of the policy is free and clear of ambiguity and it is not contrary to any law or public policy, it must be enforced as written. Inasmuch as the trial court found the policy provided full coverage only to contents at the "residence premises" listed on the Declarations page and inasmuch as the fire occurred at a residence other than that listed on the Declarations page, the trial court found the ten-percent limitation applicable.

ASSIGNMENTS OF ERROR
On appeal, plaintiff alleges the trial court erred:
1) In finding that this policy is clear of all ambiguity; and
2) In finding that primary coverage had been lost due to the insured no longer residing at the "residence premises."

ASSIGNMENTS OF ERROR NOS. 1 AND 2
Plaintiff argues the policy's language is ambiguous because it contained an unwritten warranty by plaintiff that she would notify the defendant of any change of address. Plaintiff also argues the policy was confusing because the policy's definitions listed "insured location" as including "residence premises," other premises used by the insured as a residence, a temporary residence, or a premises rented to the insured. Such a definition, plaintiff argues, led plaintiff to believe she was provided coverage wherever she was residing.
Coverage B of the policy pertaining to loss of personal property states:
1. We cover personal property owned or used by an insured while it is anywhere in the world. This includes structures not permanently attached to or otherwise forming a party of the realty. At your request, we will cover personal property owned by others while the property is on the part of the *492 residence premises occupied exclusively by an insured. In addition, we will cover at your request, personal property owned by a guest of a residence employee, while the property is in any other residence occupied by an insured.
We cover personal property usually situated at an insured's residence other than the residence premises, for up to $1,000 or 10% of the Coverage B limit, whichever is greater. This limitation does not apply to personal property in a newly acquired principal residence for the first 30 days after you start moving the property there. If the residence premises is a newly acquired principal residence, personal property in your immediate past principal residence is not subject to this limitation for the first 30 days after the inception of this policy. (Emphasis in the policy)
"Residence premises" is defined as "the one, two, three or four-family dwelling, other structures, and grounds or that part of any other building where you reside and which is shown in the Declarations."
The residence shown in the Declarations is plaintiff's former residence at Royal and Pearl.
Plaintiff argues: 1) the breach did not increase the risk and 2) the unwritten warranty to notify the insurer of her new address was unknown to her. Her authorities are La.R.S. 22:692 and Rodriguez v. Northwestern National Insurance Company, 358 So.2d 1237 (La.1978).
La.R.S. 22:692 provides in part that the breach of any representation, warranty or condition in a fire insurance policy will not relieve the insurer of liability unless such breach existed at the time of the loss and increased either the moral or physical risk.
Rodriguez, at 1240, found that La.R.S. 22:692 is among that class of anti-technical statutes enacted in response to the increasing complexity of insurance policies used by insurance companies to gain an unconscionable advantage on the insured. Prior to the enactment of La.R.S. 22:692, any breach of a warranty, however immaterial, would allow the insurer to escape liability.
While La.R.S. 22:692 does not qualify the extent to which the risk must be increased, the jurisprudence has injected the requirement that the increase in risk be a material or substantial one. Rodriguez, at 1243.
As both parties stipulated the risk was not increased at all by the move, plaintiff contends full, instead of limited liability, should have been imposed on the insurer.
Defendant argues it is not avoiding liability due to the breach of any warranty, but is simply enforcing the terms of the policy.
Both defendant and the trial court rely on Delta Decks v. United States Fire Ins. Co., 463 So.2d 653 (La.App. 4th Cir.1985) as authority for enforcing limitations contained in a policy where the language is unambiguous and the limitation is not against the law or public policy.
The issue confronting this court is whether the change of address is a breach of warranty, representation or declaration, or rather an event contemplated by both parties and thus incorporated in the limitations of the policy.
We find the change of address was an immaterial breach of a representation made by plaintiff, and thus falls within the ambit of La.R.S. 22:692, the purpose of which is to "bar technical, immaterial defenses." W. McKenzie and H. Johnson, III, Insurance Law and Practice § 326 in 15 Louisiana Civil Law Treatise 617 (1986).
In Benton Casing Service, Inc. v. Avemco Insurance Company, 379 So.2d 225, 236 (La.1979), the Supreme Court found that an item on a declarations page of the aircraft policy limiting coverage to the named pilot was not an "exclusion," but a "statement" by the insured. Although the statement was false, the Court found the statement was not "material to the risk." Moreover, it was the qualifications the court found to be important.
In yet another case, Indiana Lumbermens Mutual Insurance Company v. Russell, 243 La. 189, 142 So.2d 391, 394 (1962), the Supreme Court found that the failure by the insured to list a second car (the one being driven at the time of the accident) in *493 the declarations of the policy did not defeat coverage because the car nevertheless met the definition of an "owned" automobile. "The fact that the declaration of the insured is in conflict with the coverage clause does not, of itself, lessen the coverage given under the policy or justify modification by the Court." Id., 142 So.2d at 394.
While defendant's argument is interesting, the cases cited are distinguishable. In United States Fire Insurance Company v. West Monroe Charter Service, Inc., 504 So.2d 93 (La.App.2d Cir.), writ denied, 505 So.2d 1141 (La.1987), the aircraft policy language requiring certain pilot qualifications was found to be an exclusion rather than a warranty or representation. However, we note that the coverage language in the policy itself specifically states "there is no coverage ... if the pilot does not meet these requirements." Id., at 99.
The Delta case is also distinguishable as it involved the simple question of whether a fence surrounding a building was part of the "premises" when "premises" was defined by the policy as "the interior" of a building. Delta Decks, at 654. Unlike the present case, it did not involve a false declaration.
Turning to the case sub judice, we agree with plaintiff that the limitation language, "personal property usually situated at an insured's residence other than the residence premises ..." could be ambiguous to the "untutored" insured, who might interpret such a provision as contemplating two residences, i.e. a home and a camp. While it is true there is language waiving the limitation for thirty days after the insured acquires a new principal residence, it is not entirely clear the insured loses full coverage by simply changing the address of the residence premises. Moreover, as the breached representation did not increase at all the risks covered by the policy, we hold the defense in this case is a technical, immaterial one barred by La.R.S. 22:692 and therefore, the trial court erred in denying full coverage for plaintiff's loss.
Accordingly, the judgment of the trial court is reversed, and there is judgment in favor of plaintiff in the amount of $22,250.00. Dependant-appellee is assessed all costs of court.
REVERSED AND RENDERED.