MARVIN, Chief Judge,
dissenting.
I agree that the material facts are not disputed, but nonetheless dissent from the majority’s interpretation of the policy which isolates exclusion 8 A from the other policy provisions. Exclusion 8 A reads:
Liability coverage [is not provided] for any person
[[Image here]]
[u]sing a vehicle without a reasonable belief that that person is entitled to do so.
The trial court effectively held that the exclusion language, “any person using a vehicle” [without express or implied permission of the owner], means any person other than the persons in the category one insureds (being the named insured and his spouse or family members who reside with him and who) may sometimes “use or maintain” the insured automobile with or without the permission of the named insured.
I agree with the trial court’s reasoning. Exclusion A 8 must be read in conjunction with the policy provisions that provide who is insured under what circumstances in a particular vehicle.
The meaning of a word, term or phrase [nor otherwise specifically defined] in an insurance policy is governed by the connection in which it is used, and depends on the context, the subject matter, the object, purpose or result designed to be accomplished by its use, and its meaning is to be determined from the facts and circumstances taken together in each particular case. Bearden v. Rucker, 437 So.2d 1116, 1120 (La.1983).
LIABILITY COVERAGE UNDER THE CRE POLICY
In the CRE policy, liability coverage extends to “any insured” (policy endorsement at R-57), with two broad categories of “insured” being defined on p. 2 (R-45) of the policy as:
1. You (the named insured) and your spouse (if residing with you) or any family member (defined as a person related to you ... who is a resident of your household) for the ownership, maintenance or use of any auto ...
2. Any person using your covered auto (defined on p. 3 of' endorsement at R-54) as “any vehicle shown in the Declarations.” ...
Liability coverage is thus provided on the one hand in the CRE Personal Auto Policy in Louisiana to “any insured” in the first category, being the named insured and spouse or any family member residing in his or her household, for the “ownership, maintenance or use of any auto.” On the other hand, only “use” liability coverage is provided to a category 2 insured, who is “any person using [the] covered auto ” with express or implied permission of the named insured.
“Covered auto” is a technical term defined in the policy and is to be distinguished from the terms “any auto,” and “any vehicle,” which are not defined. Covered auto is defined in the policy as “[a]ny vehicle shown in the Declarations.”
“Any vehicle ” or “a vehicle ” is used in three places in the liability provisions of the policy: In exclusion A 8 [no coverage is provided for any person using “a vehicle” without a reasonable belief], in the definition of covered auto [“any vehicle shown in the Declarations”], and in category 2 of “insureds” (p. 2, R-45) [“any person using ... ‘any vehicle shown in the declarations’ ” ]
Similarly, the phrase “any person using a [any] vehicle” is used in only two places in the liability provisions of the policy: “Any person using ... any vehicle shown in the declarations of the policy” [definition of covered auto in the category 2 insureds, and “Any person ... using a vehicle without a reasonable belief ...,” [the exclusion A 8].
Placing the named insured and his spouse or family members residing with *111 him in category one of persons insured is simply the insurer’s recognition that the spouse and adult family members who reside with the named insured may “use” the insured vehicle on occasions sometimes without express or implied permission of the named insured.
Placing persons other than category one insureds in a second category of insureds [only when that person has express or implied permission tó use the insured vehicle] is simply the insurer’s recognition that the Louisiana law requires that a category two insured who uses the insured vehicle with the permission of the named insured be covered by the named insured-owner’s liability policy (LRS 32:900 B.). It is perhaps superfluous to say that neighbors and nonresident family members of a named insured-owner [the category two insureds] do sometimes “use” the insured vehicle with the owner’s permission.
The distinction made in the above paragraphs tracks the requirements of LRS 32:900 for an owner’s policy of liability insurance written in this state. An owner’s policy shall insure the named insured and any other person using the “explicit” or insured motor vehicle with the express or implied permission of such named insured, against loss arising out of the ownership, maintenance, or use of such insured vehicle. § 900 B. Distinguish the “operator’s policy” in § 900 C. The owner’s policy “covers” a vehicle while an operator’s policy “covers” an operator.
The statute recognizes that an “owner” may exclude from the liability coverage of his policy a named person [such as the resident relative or employee of the owner] only if the owner maintains coverage for that person under another policy. § 900 B(2)(d). Such an exclusion was apparently contemplated under the CRE policy because an endorsement to that effect is attached to the CRE policy. This endorsement was not effective, however, because it was not signed either by the named insured grandmother or by CRE. The ineffective endorsement purported to exclude, by name, the 14-year-old grandson of the owner from liability coverage.
Under CRE’s interpretation of exclusion A 8, the insurer would be in a position to deny coverage to any related resident of the named insured’s household simply by soliciting an affirmative answer to the question: “Did you believe you were entitled to drive the auto on the day that the accident occurred?” This result would also follow if the named insured answered affirmatively the question, “Did your six-year-old daughter who lives with you have your permission to use the insured auto when shp “drove,” or allowed the car to roll, out of your driveway and hit the other person’s car?”
Literally applied without regard to the other provisions of the policy, exclusion 8 A would negate liability coverage even for the named insured if his six year old daughter “drove” the insured vehicle out of his driveway and injured another person. See Turner v. Bucher, 308 So.2d 270 (La.1975), imposing liability on the parent of a six-year-old child. I would not pronounce such a result under the CRE policy.
Because CRE’s Personal auto policy does not define some of its terms while placing the relatives residing with the named insured and the named insured in the same insured category, and because LRS 32:900 B(2) requires that the owner’s liability policy cover any other person driving the insured vehicle with the permission of the named insured, I would construe the term “Any person using a vehicle ...” in exclusion A 8 to apply only to the category two insureds [any person using any covered or insured vehicle shown in the declarations] in the insuring clause.
The insuring or coverage clause, if free from ambiguity, must be enforced as written. Exclusions are more strictly construed. See Touchet, cited by the majority, and Indiana Lumbermens Mutual Insurance Co. v. Russell, 243 La. 189, 142 So.2d 391 (1962). These cases concerned the older “Family” automobile policies which provided liability coverage to two categories of insureds:
1. the Named Insured and any resident of the same household,
*112 2. any other person using the owned automobile, provided the actual use thereof is with the permission of the named insured.
I see only a semantical distinction in the overall coverage of the older family policy and the newer CRE Personal Auto policy. Both policies place the named insured and related residents of his household in one category of coverage and place [other] persons using the covered automobile in a second category of coverage which is, and should be, under the old or new policies and under LRS 32:900, dependent upon “permission.” A grandson of whatever age residing with his grandmother is in the first category of coverage with the named insured grandmother in the old and the new policies.
Professors McKenzie and Johnson agree that under the older Family Policy, the “relative” did not have to have permission to drive the covered auto, but suggest that “apparently the Personal Auto Policy requires at least a reasonable belief [of permission] on the part of all operators.” McKenzie & Johnson, 15 La. Civil Law Treatise (Insurance Law and Practice), § 52 (1991 p.p.).
The majority opinion now elevates the “apparent” conclusion to a legal mandate that the trial courts, at least in this circuit, should literally interpret exclusion A 8 of the personal auto policy as unambiguous and applicable to category one insureds. I must respectfully disagree with my scholarly friends.
I would conclude that the Personal Auto Policy requires only the category two insureds to have a reasonable belief of permission to use the covered automobile, just as LRS 32:900 B(2) requires. I would have mentioned that if the Personal Auto Policy is interpreted to require one of the category one insureds to have a reasonable belief of permission of another category one insured when using, but perhaps not maintaining, the insured vehicle, strange and absurd results might follow in several respects.
With respect to exclusion 8 A, I would agree that a person in category one insureds (“named insured” and his spouse or any family member residing with him [who are insured against liability for the ownership, maintenance or use of any auto or trailer], should be required to have express or implied permission from a neighbor when occasionally using that neighbor’s auto, but should not be required t" have express or implied permission of the named insured to use or maintain any vehicle shown in the declarations. “Covered auto,” in category two insureds, is specifically defined and is used in a different context than is “any auto” in category one insureds and is not defined. An undefined term which is used in an insurance policy may have different meanings depending on the context, the subject matter, and the object, purpose or result designed to be accomplished by the use of the term. See Bearden, cited supra.
When the insuring clause, persons insured, and the exclusion are read together, the second category of insureds, Exclusion A 8 of the CRE policy simply means “Any person (other than a category one insured) using the covered auto with the express or implied consent of the named insured” is insured against liability, as LRS 32:900 B(2) requires.
Exclusion A 8 in the CRE policy, in my opinion, merely aids in the definition of the coverage afforded to each category of insureds and should not be used to limit the coverage afforded to a category one insured in the covered auto. For example, the CRE policy does not define or expressly provide coverage for an insured driving a “non-owned automobile” as earlier policies did. Instead, the CRE policy reaches the same effect by using exclusion B 3 of the policy which excludes liability coverage for any vehicle, other than the insured auto, which is owned by or furnished or available for the regular use of any category one insured. The B 3 exclusion, however, “does not apply to the use or maintenance” of such an automobile by the named insured and his spouse residing with him. Otherwise and notwithstanding the B 3 exclusion, the CRE policy states that the named insured or a family member of his *113 household is covered when he or she drives (or maintains) a [neighbor’s] auto [insuring clause] with the express or implied permission of the neighbor [exclusion A 8].
CRE has apparently attempted to conform its recently approved “Personal Auto Policy” to the requirements of the Louisiana law (UM coverage, Compulsory Liability Insurance Law, etc.). See e.g., LRS 32:900 B(2). A “Louisiana” endorsement attached to the CRE policy re-defines some of the policy language to accomplish this and to correspond its language to Louisiana terminology.
Under the isolated interpretation of exclusion A 8 adopted by CRE and the majority, the CRE policy apparently would not cover these persons in these described circumstances:
A. An adult son returns to live in the family home. While all other “insureds” are away on vacation, another person is injured by the covered auto when the adult son negligently “uses” or drives it without express or implied permission of any insured.
B. A minor child of the named insured, without express or implied permission of the named insured, either drives the insured auto, or inadvertently disengages the “park” gear while washing the auto in the driveway, and thereby causes damage to another person.
C. Without permission from any adult or parent, a six-year-old daughter intentionally turns the ignition key or disengages the park gear of her father’s insured auto, causing it to roll into the street and injure a pedestrian.
D. A neighbor causes injury to another while negligently driving the insured auto, not with the permission of the named insured, but with the permission of another adult insured in category one with the named insured.
The Compulsory Liability Insurance Law, LRS 32:861, 900, requires omnibus liability insurance coverage for others using the insured vehicle with express or implied permission of the named insured. The CRE policy is silent as to who must impliedly or expressly permit another to use the insured vehicle so as to afford the permittee “reasonable belief” of entitlement to “use” the covered auto that is mentioned in exclusion A 8.
The CRE policy distinguishes the covered or insured auto from any [other] auto and distinguishes a category one insured from a category two insured who “uses” the covered auto.
Respectfully dissenting, I would affirm the trial court’s denial of CRE’s motion for summary judgment.