This is an action in which plaintiff seeks to recover from defendant on an accident policy. After trial there was judgment in favor of defendant rejecting plaintiff's demands, from which plaintiff has appealed.
The facts show that plaintiff, Edwin J. Curry, made application with defendant, Reserve Life Insurance Company, on date of October 23, 1948, for the issuance of an accident policy. The application, signed by plaintiff, contained the following question and answer: "Do you agree that the insurance applied for shall be subject to the conditions and provisions of the policy, and that it shall not be effective until a policy has been actually issued hereon and delivered into your manual possession, while you are alive and in good health; . . . Yes"
The application is shown to have been received in the home office of the defendant company at Dallas, Texas, on October 26, 1948; and, subsequently, the policy was processed and mailed to plaintiff. Plaintiff sustained the injury which forms the basis for his claim under the policy of insurance at about 9:00 o'clock a.m., on the morning of October 27, 1948.
Plaintiff seeks recovery from the insurer by reason of the issuance of a policy of insurance on which the effective date was set forth as being October 26, 1948, which was in fact the day preceding the occurrence of the accident. Plaintiff's demands are resisted by defendant insurer on the grounds that the policy of insurance, which is the contract between the parties, provides that it shall be effective on the date set forth only if issued and delivered while the insured is alive and in good health.
Examination of the policy discloses the fact that the provisions relied upon by plaintiff and defendant respectively are plainly set forth on the face of said policy. The fixing of the effective date is plainly noted as follows:
"Effective date October 26, 1948".
Almost immediately below the notation of the effective date, separated only by a box form containing the amounts of initial and renewal premiums, in the exact center of the first page of the policy, in black, boldface type is found the heading "Consideration".
The second paragraph, in plain standard print, reads as follows: "This stipulation shall take effect at 12 o'clock noon, Standard Time of the place where the insured resides, on the effective date hereof; provided, however, that this policy shall become effective only if it has been issued and delivered while the Insured is alive and in good health."
The issue comprehended in this case is simple. It is ably and earnestly contended by counsel for plaintiff that the effective date in any event is controlling and, secondarily, that defendant has failed to establish *Page 314 
by a preponderance of evidence the fact that the policy was not received by plaintiff, the insurer, until after the occurrence of the accident for which recovery is here sought.
Just as ably and seriously counsel for the defendant insurer contends that the effective date of the policy was contingent upon fulfillment of the condition of delivery to the insured while in good health, and that the preponderance of the evidence sustains the claim that the policy was not delivered, either actually or constructively, until after the occurrence of the accident.
We do not find it necessary to discuss at any great length the detailed testimony bearing upon the disputed issue of fact. The defendant tendered the testimony of its employee in charge of the policy checking and issuing department, Mrs. F. G. Doty. This witness testified that the application to which we have referred above was received in the home office of defendant company at Dallas, Texas, on October 26, 1948; that in the course of regular and usual custom and procedure the application and policy were carefully checked, the application photostated, the policy typed at night, and, finally, after completion of all of the preparation, checking, etc., including the insertion of the effective date, which was the date of the receipt of the application, the policy was mailed to the insured. In connection with the last point the witness testified positively that the mailing date was October 28, 1948, which date had been stamped on the application in accordance with regular custom. The original application bearing the stamped date "Oct. 28, 1948", near the lower right-hand corner, was introduced in evidence on trial.
The testimony of Mrs. Doty is strenuously criticized by counsel for plaintiff, who contends that her testimony in the final analysis was not based on personal knowledge and that it is inconclusive.
We do not think the numerous objections urged by counsel on this point are valid. Eliminating all testimony of the witness as to personal recollection, there still remains a completely convincing narrative of the usual custom of the business and the procedure of the employees in processing policies after receipt of the application. In connection with this point the District Judge, in assigning written reasons for judgment, commented as follows: "The evidence leaves no doubt in our mind but that the policy was mailed by the defendant to the insured on October 28, 1948."
With this finding of fact we are in thorough and complete agreement. Under this finding of fact it is immaterial whether actual manual possession of the policy, in accordance with the agreement of the application, or constructive delivery by mailing should determine plaintiff's rights. In this case, inasmuch as the policy was not mailed from Dallas until October 28, 1948, there was neither constructive nor actual delivery prior to the occurrence of the accident on October 27, 1948.
There remains for disposition only the argument that the dating of the policy as effective prior to the accident overcomes and controls the reservation that the policy must be delivered while "the insured is alive and in good health".
It may be conceded that the general principle with respect to delivery of a policy is correctly cited by plaintiff's counsel from 29 American Jurisprudence 164, 165, as follows: "Where an application for a policy of insurance has been accepted, a policy is issued, the premium paid, and nothing remains to be done by the applicant, any disposition of the policy by the insurer which evidences an intention to put the policy out of its control and in the control of the applicant, is sufficient to amount to a delivery, or actual delivery, of the policy, within terms of a provision requiring delivery or actual delivery."
Admittedly, the initial charges and the first quarterly premium on the policy had been paid by plaintiff and it is urged, in consequence, that nothing remained to be done by the applicant. This point is well taken, but it is to be observed that there yet remained the necessity for action on the part of the insurer indicating a disposition of the policy which put it out of the *Page 315 
insurer's control and into the control of the insured. By no stretch of the imagination can we conclude that this intention was evident until the policy was actually mailed by the defendant insurer.
We are unable to follow the argument advanced by distinguished counsel for plaintiff to the effect that the provision of "an effective date" and a consideration of "delivery in good health" are inconsistent. Obviously, as a practical consideration, an insurance company would have no means of calculating an effective date based upon the actual moment of delivery of the policy.
The requirement of "good health" on the part of the assured at the time of delivery is an entirely reasonable provision designed, of course, for the protection of the insurer. There is nothing in the condition which is inconsistent with the assignment of an effective date, neither is there any ambiguity. A reasonable and accepted interpretation of the delivery clause gives it a plain and effective meaning. Considering the agreement of the assured to an identical condition in his application, we fail to see how he has ground for complaint.
We think the reasons above set forth dispose of the material and pertinent contentions advanced on behalf of plaintiff. It is true that zealous counsel has raised other points in argument, such as waiver and estoppel, with which, however, we are not impressed. The mailing of the policy directly to the insured, without investigating his condition of health subsequent to October 26th, cannot be construed in any sense as a waiver of the "delivery in good health" clause, inasmuch as the insurer was uninformed as to plaintiff's injury, and, further, was justified in relying on the conditions set forth both in the policy and the application. The argument of estoppel on the ground that the insurer accepted payment of a premium is irrelevant to the issues comprehended here, inasmuch as there has been no contention on the part of the insurer that the policy is not effective according to its terms and conditions.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost.
KENNON, J., dissents. *Page 469