135 So.2d 546 (1961)
Walter I. FLOYD, Plaintiff-Appellant,
v.
PILOT LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 9610.
Court of Appeal of Louisiana, Second Circuit.
November 22, 1961.
Rehearing Denied December 27, 1961.
Booth, Lockard, Jack, Pleasant & LeSage, Shreveport, for appellant.
Blanchard, Goldstein, Walker & O'Quin, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
The suit which forms the basis of this appeal was instituted by plaintiff to recover benefits under a limited group scholastic accident insurance policy which was issued by defendant to the Superintendent, Caddo Parish School Board in order to offer limited coverage for students, teachers, and other employees. Plaintiff's claim is based upon certain injuries alleged to have been sustained by his wife, an insured under the policy, on October 6, 1960. Defendant filed an exception of no right or cause of action; the basis of such exception being that the facts alleged in the petition showed affirmatively *547 that Mrs. Floyd's alleged injury was not sustained while within the coverage afforded by the policy. The exception was sustained by the court below, and from such judgment, plaintiff has appealed.
The material allegations of fact contained in plaintiff's petition are:

"6.
"Petitioner shows that on or about October 6, 1960, a regular school day, Mrs. Alleta Floyd taught at Atkins Elementary School until 2:30 o'clock P.M. when classes were dismissed. That after performing other duties connected with her employment, she left the school driving a 4-door 1959 Galaxie Ford and proceeded directly to her home at 3633 Del Rio, without stopping or leaving her automobile and without deviating from a direct route to her home.

"7.
"Petitioner shows that Mrs. Floyd arrived at her home at approximately 3:25 o'clock P.M. That she drove into her driveway on her property and proceeded along the driveway by the side of her house and parked her automobile in front of her garage and along the side of her house.

"8.
"Petitioner shows that as Mrs. Alleta Floyd quit the automobile and while standing on the ground, she accidentally slammed the left front door on her right index finger. Petitioner shows that said act was unintentional, producing unexpected consequences, and constituted an accident under defendant's policy attached to this petition."
As will appear from the copy of the policy attached to the petition, the pertinent portions of same provide:

"Insuring Agreements"
"If any person, as a result, directly and independently of all other causes, of bodily injuries caused by an accident occurring while insured hereunder and while

* * * * * *
"(2) traveling directly between home and school for the purpose of attending or returning from regularly scheduled classes, but only if such travel occurs within one hour before the commencement of the day's school session or within one hour after dismissal from school, or while traveling in a school bus between home and school for the purpose of attending or returning from regularly scheduled classes." (Emphasis supplied.)
Therefore, the issue presented for determination is the legal significance to be given to the phrase "traveling directly between home and school * * *" contained in the insuring instrument. In this connection, we note that under "Definitions" in the policy is found the following:
"The word `home' as used herein, means the residence building and its grounds." (Emphasis supplied.)
It is contended by plaintiff-appellant that the scope of coverage "while traveling between home and school" was intended to cover a specific journey and all risks incident to the journey, and the accident sustained by plaintiff's wife was within the ambit of risks incidental to the journey. A logical incident to this contention, of course, is the argument that the word "between" in the insuring clause includes the termini of the journey which is afforded coverage.
On the other hand, defendant-appellee contends the coverage extended only to risks of the journey and the word "between" specifically excluded coverage at the termini under this particular clause of the insuring agreement.
It is our opinion that the determination of this cause depends upon the meaning of "between" as intended by the parties to the contract of insurance. In interpreting *548 insurance contracts, the intention of the parties is of paramount importance and their intention is to be determined in accordance with the plain, ordinary and popular sense of the language used in the agreement and by giving consideration on a practical, reasonable, and fair basis to the instrument in its entirety. Beard v. Peoples Industrial Life Insurance Co. of Louisiana, La.App., 5 So.2d 340.
Webster's New International Dictionary, Second Edition, defines "between" as:
"1. In the space which separates; betwixt; as New York is between Boston and Philadelphia.
"2. From one to another of;used in expressing motion or distance from one body or place to another; hence, joining or connecting, across an intervening space or in association in any immaterial respect; as, the bond between man and man."
In 10 C.J.S. Between, pp. 349-350, it is stated:
"* * * It is generally understood as relating to something which separates two points, places, objects, lines, sentences, or ideas, and which is not itself a part of either of the things that it separates, and has been defined or employed as meaning in the space which separates; betwixt; in the intermediate space, without regard to distance; in intermediate relation to, in respect of time, quantity, quality, or degree; belonging to two as a mutual relation. * * *"
This court is aware of the general and well-settled principle of insurance interpretation urged in plaintiff-appellant's brief that a policy provision open to more than one permissible interpretation is to be interpreted strongly against the insurer and in favor of coverage. Oil Well Supply Co. v. New York Life Ins. Co., 214 La. 772, 38 So.2d 777 (1949); Heiman v. Pan American Life Ins. Co., 183 La. 1045, 165 So. 195 (1936); Corporation of Roman Catholic Church of Eunice v. Royal Ins. Co., 158 La. 601, 104 So. 383 (1925). However, we are of the opinion that no ambiguity exists in the terms of the clause at issue. After consideration of the policy as a whole, especially the board definition of "home" contained in the policy, it is our opinion that the clause "while traveling directly between home and school * * *" afforded coverage to an insured only while in the space that separates home and school and did not afford coverage to this claimant upon reaching home as defined in the policy.
Therefore, the judgment is affirmed at appellant's costs.
Affirmed.