REGAN, Judge.
Plaintiff, Binnings Equipment Company, Inc., instituted this suit against its insurer, the defendant, Travelers Indemnity Company, endeavoring to recover the sum of $593.83, representing the cost of repairing a crane which the plaintiff had borrowed from a third party, insisting that this loss was covered by the “new acquisition clause” contained in a Contractors Equipment Floater Policy which had been issued to it by the defendant.
The defendant answered and denied that the plaintiff’s coverage under the contract of insurance extended to equipment which it had borrowed from a third party.
From a judgment in favor of plaintiff as prayed for, the defendant has prosecuted this appeal.
The facts are relatively simple and undisputed. The defendant had issued to the plaintiff a Contractors Equipment Floater Policy covering all of its equipment.
On June 17, 1960, the plaintiff borrowed a crane from the Folse Machinery Movers, Inc. for use in connection with construction work. The crane was operated by the *552 employees of the plaintiff and it was under their full supervision and control. In the •course of the work, the crane .was damaged and it was necessary for the plaintiff to expend the sum of $593.83 for the repair thereof prior to returning it to Folse.
.On July 15, 1960, or within thirty days after the damage was incurred by the crane, Clem Binnings, the plaintiff’s president, notified the Martin-Le Breton Insurance Agency of the “acquisition” thereof and also of its damage. The repair bill was sent to this Agency, which in turn forwarded it to the defendant for payment, which was refused. Hence this litigation.
The only question posed for our consideration is one of law, and that is, whether the Contractors Equipment Floater Policy which was issued by the defendant to the plaintiff encompassed the crane which was borrowed by the insured from a third party.
The answer thereto requires an interpretation of the word “acquired” contained in a clause of the policy which reads:
“* * * 4. NEW ACQUISITIONS :
“In consideration of the agreement of the Assured to report additional items of a nature usually covered under a Contractors’ Equipment Policy and not otherwise excluded hereunder, acquired subsequent to attachment date of this Policy, within Thirty (30) days from the date acquired and to pay full premium thereon from the date acquired at pro rata of the Policy rate, this Policy also covers such additional items but shall cease to cover such additional items if they are not reported to this Company within the said Thirty (30) day period.” (Emphasis ours)
The defendant, in resisting the claim of the plaintiff, contends that the word “acquired” is synonymous with ownership, that is, that the equipment must have been acquired by the plaintiff by purchase thereof, or through a medium that translated title thereto.
Plaintiff, on the other hand, insists that the word “acquired” refers to an acquisition by any means, such as purchase, lease or borrowing, and that contractors lease and borrow each others equipment frequently which is a fact well known to insurers of contractors.
The question posed for our resolution, insofar as we have been able to ascertain, has not been the subject of judicial inquiry in this state, or elsewhere.
Under these circumstances, the nature of the judicial process requires that we must initially resort to a tool which usually rusts in the legal armory, a lexicon, and we find there that the word “acquire” is defined in Webster’s New International Dictionary[1] as:

“1. To gain by any means, usually by one’s own exertions; to get as one’s own; as, to acquire a title, riches, knowledge.
* * *
“Syn. — Attain, procure, win, earn, secure; * * *”
In Black’s Law Dictionary[2] we find “acquire” is defined thusly:
“In the law of contracts and of descents. To become the owner of property; to make property one’s own. * * * To gain permanently. * * *
“It is regularly applied to a permanent acquisition. A man is said to obtain or procure a mere temporary ac *553 quisition. But 'acquire’ is sometimes used in the sense of ‘procure,’ * * * it does not necessarily mean that title has passed, * * *. It has been held to include a taking by devise, * *
Since we now know the generally accepted definition of the word, we are then relegated to inquiring what does “acquired” mean or imply when considered in conjunction with other words contained in the clause, that is, in construing the contract as a whole.
An examination of the clause discloses that the word “acquired” is used therein three times in succession and not once are other words used therein to amplify, modify, limit or circumscribe its meaning in conformity with the interpretation placed thereon by the defendant, to the effect that the meaning and intent of the word “acquired” as used in this clause is synonymous with ownership of the equipment, or the possession of title thereto.
If the author of this insurance contract had intended to limit its exposure to equipment actually owned by the insured, it would have been a relatively simple matter to substitute the words “purchased” or “owned” wherever the word “acquired” appears, in which event, the meaning and intent of the clause would then conform to the interpretation that the insurer now desires to place thereon; or alternatively, the author thereof could have simply excluded therefrom borrowed or leased equipment; but to reach this conclusion as the clause now reads would require us to put it upon the judicial anvil and hammer it into an unexpected shape.
Assuming arguendo, that some doubt does exist relative to the intent or meaning of “acquired” as used in the context of the clause, then in that event, all ambiguities and doubts in the contract must be resolved in favor of the insured and against the insurer. This is too well settled to require citation in support of the rationale thereof.
The defendant argues that since all of the items which appeared on its list as insured equipment were actually owned by the plaintiff, therefore, it was the intention of the parties that the contract should not encompass borrowed equipment. Such a conclusion is unwarranted by the very terms of the contract as we have said here-inabove and also is refuted to a large extent by the facts.
The policy was represented, in January of 1960 to the plaintiff, although this is disputed, as comparable to that of a competitor’s contract which covered borrowed equipment. Binnings, the plaintiff’s president, related that he subsequently purchased the policy on that premise, and that he has always rented and borrowed equipment in the course of his business but that he had never been confronted with the legal enigma of determining who was to pay for damage thereto because none had occurred.
The defendant also rationalizes that it is conceivable that the contractor may secure coverage of borrowed equipment without payment of any premium therefor. The answer thereto is rather explicitly revealed by the contract which requires the insured to report the additional equipment within thirty days, at which time the premium would be calculated and charged to the insured’s account; and assuming that any deficiency would exist under the policy for equipment borrowed for short periods of time, the mistake therefor, if any, in overlooking this possibility, would rest upon the insurer who drafted the contract.
The defendant suggests that the plaintiff only reported the coverage of the crane since a claim in damages had arisen therefor. Of course this is true. However, the circumstances thereof are fully explained by the testimony inscribed in the record. The reason why equipment had not been reported prior to February of 1960 was because the plaintiff knew that it did not then possess coverage; but after this policy was purchased on February 1, 1960, in conformity with the representations of the *554 defendant’s agent, the plaintiff fully believed that borrowed equipment was covered, and accordingly asserted its claim when justification therefor arose.
Finally, the defendant argues that the premiums on this policy were predicated upon equipment owned by the plaintiff. This is no doubt true, as far as it goes, but under, the “new acquisition clause” of the contract when the plaintiff either borrowed or leased equipment he was required to notify the insurer at which time the additional premium for such equipment would be calculated.
In conclusion, we are of the opinion that a fair interpretation of the word “acquired”, construed in conjunction with the contract as a whole, means the acquisition of equipment on the part of the plaintiff by any means, such as purchase, lease or borrow.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. William A. Neilson, Thomas A. Knott and Paul W. Carhart, ed. Webster’s New International Dictionary of the English Language (2d ed., unabr.; Springfield, Mass.: G. & C. Merriam Company, 1961) p. 23.

. Henry Campbell Black, Black’s Law Dictionary (de luxe 3d ed.; St. Paul, Minn: West Publishing Co., 1944) pp. 32-33.