HARDY, Judge.
This is an action ex delicto instituted by plaintiff, operator of an automobile service station in the City of Shreveport, seeking recovery of damages to its equipment allegedly caused by the negligence of defendant, Mrs. Rose Weimer, or defendant, William Albert Hasinger, or both. Mrs. Wei-mer and her husband filed an answer to plaintiff’s demands in which, assuming the position of third party plaintiff, they im-pleaded Continental Insurance Company and Granite State. Insurance Company, alleging them to be their automobile liability insurers. Motion for summary judgment was filed by Continental Insurance Com *219 pany on the ground that its policy of insurance had been cancelled prior to the date of occurrence of the accident. The record does not disclose that this motion has been acted upon, but, in any event, the question is not before us on this appeal.
Granite State Insurance Company answered the Weimers’ third party pleading and denied coverage of the 1957 Plymouth automobile owned by defendant, Weimer, and driven by his wife, which was involved in the accident. This pleading admitted the issuance of a policy of insurance describing a 1958 Chevrolet Station Wagon also owned by Weimer. Granite State alleged that Weimer had advised its agent that he did not want coverage on the Plymouth automobile, and, therefore, the contract of insurance, as written, described only the Chevrolet Station Wagon.
On December 10, 1962 Granite State filed a supplemental pleading designed as, a “Reconventional Demand and Alternative Action for Reformation of a Contract,” which asserted that, if the court should hold that its policy extended coverage to the Plymouth automobile driven by Mrs. Wei-mer at the time of the accident, then, in such event, the contract of insurance as written should be considered as involving mutual mistake on the part of Weimer and ■Granite State Insurance and as a result should be reformed to specifically exclude coverage on the 1957 Plymouth.
To the above pleading the Weimers filed an exception of no cause of action, which was sustained. From this judgment Granite State prosecuted this appeal.
The policy issued by Granite State Insurance Company to Robert E. Weimer as the insured is of the type known as a family combination automobile policy and its provisions are identical with those which were considered by the Supreme Court in Indiana Lumbermen’s Mutual Insurance Company v. Russell, 243 La. 189, 142 So.2d 391.
The contention of appellant is that there was mutual error on the part of Weimer and Granite State, there being no intention on the part of either, at the time of the confection of the policy of insurance, to cover the Plymouth automobile, and, accordingly, appellant is entitled to reform the contract to the extent of excluding coverage of the 1957 Plymouth. This contention constitutes the sole issue presented by this appeal.
In the Indiana Lumbermen’s case, cited supra, the opinion of the court took specific notice of the same contention as evidenced by the following statement:
“The basic contention of plaintiff’s counsel, as we understand it, is that the parties to the insurance contract did not intend to cover Mrs. Russell’s Ford automobile and that this lack of intent is clearly evidenced by the declarations of defendant attached to and made a part of the policy.
* * * * * *
“The flaw in counsel’s contention, wc think, is that it would require that we amend the coverage clause of the contract to conform zvith the representations or declarations of the insured so as to supply the true intent of the parties. But, in the absence of fraud, we are not permitted to give this relief. For the insuring clause, being free from any ambiguity, is the lazv between the parties and must be enforced as written.” (Emphasis supplied.)
We are unable to perceive any material difference between the principal issue presented in this case and the issue which was considered and determined by the Supreme Court in the Indiana Lumbermen’s case.
Appellant has tendered no allegations which would indicate any error of fact as between itself and the insured. We think it is obvious that appellant’s mistake resulted from a misinterpretation of the law of coverage. This is evidenced by the fact that the first pleading on behalf of Granite State, filed May 7, 1962, relied upon a denial of coverage under the policy contract on the ground that it described only the 1958 Chevrolet Station Wagon. The In *220 diana Lumbermen’s case was decided by the Supreme Court in June, 1962, and it was not until December that Granite State filed its supplemental pleading, praying for a reformation of the contract.
In the Indiana Lumbermen’s case the Supreme Court pointed out the provision by the Casualty & Surety Division of the Louisiana Insurance Rating Commission, stated in the family coverage supplement to the Automobile Casualty Manual for Louisiana as follows:
“If all owned automobiles, as defined in this Supplement, are not to be insured in this policy, the appropriate endorsement must he attached.” (Emphasis supplied.)
In Lejeune v. State Farm Mutual Automobile Insurance Co. et al. (1st Circuit, 1958, writs denied), La.App., 107 So.2d 509, which was cited approvingly in the opinion of the Supreme Court in the Indiana Lumbermen’s case, the court held that at the time of issuance of the liability policy a 1947 Chevrolet was not covered nor insured and the insured testified that he had not intended at that time to obtain coverage nor had he paid for such coverage. Despite this fact, the court held that the conversion of standard form insurance policies by the Casualty & Surety Division of Louisiana Insurance Rating Commission into family policies had the effect of extending coverage to the additional automobile even though it was not described in the policy.
We think the conclusion is clear that appellant, Granite State Insurance Company, by its failure to comply with the requirement for a specific exclusion endorsement, is bound by the interpretation of legal principles as above considered, which have the effect of extending the coverage to additional vehicles although not described in the policy and although coverage may not have been intended by the parties.
For the reasons assigned, the judgment sustaining the exception of no cause of action is affirmed .at appellant’s cost.