SAVOY, Judge.
This is an action by the plaintiff to recover the face value of a life insurance policy issued by defendant on the life of her husband, who is now deceased.
Plaintiff alleged in her petition that her deceased husband applied for the policy involved in the instant case, paid the first annual premium on June 9, 1961, and that he died on June 20, 1961, while the policy was in effect.
Defendant answered the suit setting up two defenses, as follows:
(1) The decedent, in applying for said life insurance policy, falsely answered certain questions on a form prepared by defendant. Defendant set forth that the decedent had a heart attack approximately nine months before signing the above application; that the false statements of decedent were made for the purpose of deceiving defendant, and that they materially affected the acceptance of the risk and the hazard assumed by it when it issued the policy; that defendant relied upon the representation of decedent as material inducement for the issuance of said policy; that the statements made by decedent were deceitful and untrue, and thus rendered the policy null and void.
(2) At the time of the delivery of the policy, decedent was not in good health, this being a prerequisite for the policy to be in force and effect.
The evidence reveals that the policy involved herein was issued without benefit of a medical examination. The evidence also reveals that the decedent died on June 20, 1961, at about 1:20 P.M., of a coronary thrombosis.
As to defendant’s first defense, the evidence reflects that the decedent had a *255 heart attack approximately nine or ten months before signing the application in the instant case; that he was treated by Dr. C. L. Attaway, and the doctor released decedent after several weeks as being able to return to his former occupation with the Police Jury of Evangeline Parish, Louisiana. Counsel for defendant cites in support of his position the case of Flint v. Prudential Insurance Company of America, (La.App., 1 Cir., 1954), 70 So.2d 161; however, that case is distinguishable from the case at bar in that the decedent therein was under the constant care of a physician and deliberately misrepresented the facts when he signed the application for insurance; whereas in the case at bar, the Court is of the opinion the decedent was in good faith when he signed the application for insurance.
The Court will next consider the second defense raised by defendant in its brief and in oral argument.
The application for insurance by decedent contained the following stipulation:
“I agree that this application is offered subject to final acceptance or rejection by the company and if a policy is issued hereon by the company, same shall not be in force and effect until the premium for same has been fully paid and the policy is delivered to me, or the first beneficiary named herein, while I am in sound health.”
“Conditions in applications and policies of life, health, and accident insurance, that they shall not take effect or be binding unless or until delivered to the insured while he is in good health, or the like, are, except as forbidden by statute, valid and enforceable. A condition that the applicant be alive and in good health when the policy is delivered is not unreasonable. Especially is this true where the policy is one issued without a medical examination.” Couch on Insurance 2d, Section 11:1 et seq.; also see Shuff v. Life & Casualty Insurance Co., 164 La. 741, 114 So. 637; Pruitt v. Great Southern Life Insurance Co., 202 La. 527, 12 So.2d 261, 145 A.L.R. 1427; Callan v. Mutual Life Insurance Co. (La.App., Orl., 1933), 147 So. 110; and Curry v. Reserve Life Insurance Co. (La.App., 2 Cir., 1949), 43 So.2d 312.
The same rule is found in 1 Appleman Insurance Law and Practice, Section 151.
Delivery of the instant policy was made on June 20, 1961, when defendant delivered same to its general agent, Mr. Lewis, at Lafayette, Louisiana. Chapman v. Mutual Life Insurance Co., 146 La. 658, 83 So. 887; Coci v. New York Life Insurance Co., 155 La. 1060, 99 So. 871; and Hudson v. Travelers Insurance Co. (La.App., 3 Cir., 1961), 128 So.2d 35.
The question for determination in the instant case is whether the decedent was in good health at the time the policy was delivered. If he was, the plaintiff is-entitled to recover the principal amount thereof; if he was not, she is barred from recovery.
Tanzy Veillon, a fellow employee of decedent, testified that the insured first complained of pain about 9:30 or 10:00 in the morning, and shortly thereafter, Veillon took the insured to the hospital. Mrs. Evelyn Fusilier, supervisor of nurses at the'hospital where the insured was taken, testified that while the hospital records showed the decedent entered same at 8:00 in the morning, from her recollection, she thought he entered said hospital at about 9:30 A.M.
The only witness in the case on the question of delivery of the policy was John W. Lewis, Jr., the defendant’s Lafayette agent. Lewis testified that he went by the office of defendant about 11:30 in the morning, and that he mailed the policy to his sub agent in Ville Platte at approximately 2:30 in the afternoon. The evidence given by Mr. Lewis was found very unsatisfactory by the trial judge. He was indefinite as to the time he received the policy from defendant.. *256 The defense of delivery is a special one, and we do not think defendant has discharged that burden imposed upon it by law. Defendant should have produced some of its officers or employees to show the exact time of delivery.
From the above evidence, the Court concludes that at the time the insured was stricken, the insurance policy had been delivered, and since he was in sound health at the time of delivery of the policy, the plaintiff is entitled to recover the proceeds thereof.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.