163 So.2d 366 (1964)
S.B. ANDERSON, individually and for the use and benefit of his minor children, Larry B. Anderson and Renise Anderson, Plaintiff-Appellee,
v.
Calvin P. FONTENOT et al., Defendants-Appellants.
No. 1128.
Court of Appeal of Louisiana, Third Circuit.
April 21, 1964.
Rehearing Denied May 13, 1964.
*367 Davidson, Meaux, Onebane & Donohoe, by Raymond M. Allen, Lafayette, Lewis & Lewis, by John M. Shaw, Opelousas, Kantrow, Spaht & Kleinpeter, by Gerald L. Walter, Jr., Baton Rouge, for defendants-appellants.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before SAVOY, HOOD and CULPEPPER, JJ.
SAVOY, Judge.
This is a suit for damages arising out of an automobile collision. Plaintiff, S. B. Anderson, sued Calvin P. Fontenot and his liability insurance carrier, Norwich Union Fire Insurance Society, Ltd., and New Hampshire Insurance Company, the liability insurance carrier for Kerney Johnson, another party involved in the collision.
The instant case was consolidated for trial with a similar suit filed by Kerney Johnson against Calvin P. Fontenot and Norwich Union Fire Insurance Society, Ltd.
Additionally, in both suits, Norwich Union Fire Insurance Society, Ltd. impleaded, *368 as third party defendants, Ferdie Ardoin and James D. Morein, d/b/a Ville Platte Insurance Agency, and their liability insurance carrier under an "errors and omissions" policy, St. Paul Fire and Marine Insurance Company. The basis of this latter action was the contention of Norwich that its policy afforded no coverage to the Fontenot automobile which was involved in the accident, but that, if it be found that coverage was afforded under the policy, then it was through error or omission on the part of Ville Platte Insurance Agency, and that agency and St. Paul should be required to indemnify Norwich for any judgment rendered against it.
Plaintiff Anderson alleged in his petition that on or about February 2, 1963, at about 6:20 P.M., he had backed his automobile out of a parking area and onto Main Street in Ville Platte, Louisiana; that after completing that maneuver and upon starting to go forward in an easterly direction on Main Street, his automobile was struck from the rear by the automobile owned and driven by Kerney Johnson, who, in turn, was then struck from the rear by the automobile owned and being driven by Calvin P. Fontenot, knocking the Johnson automobile into plaintiff's automobile. Plaintiff sought damages for personal injuries sustained by his two minor sons, Larry B. and Renise Anderson, loss of services of the two minors, past and future medical expenses, and damage to his automobile.
Norwich Union Fire Insurance Society, Ltd. filed a motion for a summary judgment on the basis of no coverage under its policy, which motion was overruled by the trial court.
Subsequently, Norwich answered plaintiff's petition alleging negligence on the part of Kerney Johnson, contributory negligence on plaintiff's part, denying coverage under its policy and impleading the aforesaid third party defendants.
New Hampshire Insurance Company, the liability carrier of Kerney Johnson, also answered plaintiff's petition, generally denying its material allegations and alleging contributory negligence on plaintiff's part.
St. Paul Fire and Marine Insurance Company, Ferdie Ardoin and James D. Morein, d/b/a Ville Platte Insurance Agency, the third party defendants, answered the third party demand, generally denying its material allegations and pleading alternatively, that, in any event, the Fontenot vehicle involved in the accident, was never intended to be covered under the Norwich policy.
In the suit by Kerney Johnson as plaintiff, he alleged that he was struck from the rear by Calvin P. Fontenot, which caused his automobile to be pushed into the Anderson automobile. Johnson sought damages for personal injuries, past and future medical expenses, and damage to his automobile.
Norwich Union Fire Insurance Society, Ltd. answered and impleaded the third party defendants and the third party defendants answered, all as in the instant case.
After consolidation and trial on the merits, the lower court gave judgment in favor of Anderson and against Fontenot and Norwich; and in the third party demand, it gave judgment in favor of Norwich and against St. Paul and its assureds. The suit was dismissed as to New Hampshire Insurance Company. In the companion case, judgment was given in favor of Johnson and against Fontenot and Norwich; and in the third party demand it was given in favor of Norwich and against St. Paul and its assureds.
From these judgments appeals have been taken by Calvin P. Fontenot, Norwich and St. Paul and its assureds. Plaintiff has answered the appeal taken by St. Paul and its assureds, alleging that the trial court erred in not holding New Hamshire Insurance Company liable along with the other defendants.
There are four issues to be decided: (1) who was responsible for the accident; *369 (2) whether or not the Fontenot vehicle was covered by the Norwich policy; (3) and if so, whether or not St. Paul and Ville Platte Insurance Agency should be cast in judgment because of error and omission by the agency; and, (4) quantum of damages.
On the question of fault, there is some confusion and difference of opinion among the various witnesses with regard to how the accident happened. There is contradiction as to whether the Kerney Johnson vehicle had been traveling east on Main Street just before the accident, or whether Johnson had just backed out of a parking area onto Main Street, and as to whether the Johnson vehicle might have backed into plaintiff's vehicle before being struck by the Fontenot vehicle. However, looking at the testimony of the parties who were involved in the collision, we note the following: (1) Calvin P. Fontenot stated that he struck the Johnson vehicle from the rear and was uncertain about the possibility of any other collision; (2) Kerney Johnson stated that, as he was proceeding east on Main Street, he was struck from the rear by Fontenot, which, in turn, pushed him into plaintiff's vehicle; (3) plaintiff stated that he was hit one time and heard two impacts; (4) plaintiff's wife, Bernice Anderson, who was a passenger in plaintiff's vehicle, stated that her impression was that plaintiff's vehicle was hit twice, once from the rear by Johnson and then a second time, but by whom she did not know; (5) plaintiff's sixteen and eleven year old sons, Larry and Renise Anderson, also passengers in plaintiff's vehicle, stated they heard two impacts, but felt only one. The evidence is clear to the effect that plaintiff had backed out of a parking area at a curb market or grocery on the north side of Main Street into the south or eastbound traffic lane, and that the Johnson vehicle struck plaintiff's vehicle in the left quarter panel and then careened past and in front of plaintiff's vehicle as though it had sideswiped it. Furthermore, Calvin P. Fontenot stated that just prior to the accident he had dropped a cigarette in his car, and that after retrieving it and throwing it out of the window, he looked up and saw the rear of the Johnson vehicle directly in front of him, and that he struck it in the rear. We feel that the preponderance of the evidence supports the contention that the Fontenot vehicle first struck the Johnson vehicle which, in turn, was propelled into plaintiff's vehicle. The learned trial judge so held, and we find no manifest error therein.
The next question for decision, then is whether the Fontenot vehicle was covered under the Norwich policy. It is quite clear from the evidence that the policy specifically described a 1955 Buick automobile, and that there was no intention on the part of Fontenot or the Ville Platte Insurance Agency to insure the 1959 Dodge which was involved in the accident. However, the insurance contract, a "family combination" policy originally issued on December 20, 1962, required a special endorsement so as to restrict its coverage to described vehicles only. Without such an endorsement, all owned automobiles are covered by that type policy, and, in the absence of fraud, the policy cannot be judicially amended so as to conform to what may have been the true intent of the parties. Indiana Lumbermens Mutual Insurance Company v. Russell, 243 La. 189, 142 So.2d 391; Pel-State Oil Company v. Weimer, (La. App., 2 Cir., 1963), 155 So.2d 218.
Norwich and the third party defendants contend that the necessary endorsement was issued by Norwich's general agent, William A. Marbury and Company, Inc. of Ruston, Louisiana, and that Marbury forwarded the endorsement to Ville Platte Insurance Agency, which constituted delivery to Fontenot, thus binding him to the restriction as to covered vehicles. The record contains a letter on a Marbury letterhead, dated May 9, 1963, and addressed "To Whom It May Concern", stating that the endorsement was sent to Ville Platte Insurance Agency under date of *370 January 10, 1963, for the purpose of restricting coverage.
The officials of the Ville Platte agency testified they received from the Marbury agency of Ruston, Louisiana, general agent for Norwich, the endorsement to the policy in the instant case prior to the accident mentioned herein. The same witnesses testified they did not recall whether a copy of the endorsement had been mailed or delivered to Fontenot. Fontenot denied ever receiving the endorsement which limited the policy in question to one vehicle.
We agree with the trial judge that the Ville Platte agency received the endorsement from the agent of Norwich prior to the accident, and that said agency failed to deliver a copy of said endorsement to Fontenot.
LSA-R.S. 22:636, subd. A(1) provides as follows:
"A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following:
"(1) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than five days prior to the effective date of the cancellation."
In the case of Skipper v. Federal Insurance Company, 238 La. 779, 116 So.2d 520, in considering the above quoted statute, the court stated that the burden of proof was on the insurer to show that the insured had received notice of cancellation of a policy issued by it in order that the insurer may be relieved of liability. We believe the same rule would apply as to an endorsement of a policy which relieves an insurer of a portion of its original obligation under the policy.
The burden of proof is on Norwich to show delivery of the endorsement to Fontenot prior to the accident in the instant case. LaFleur v. All American Insurance Company, (La.App., 3 Cir., 1963), 157 So.2d 254. Since Norwich failed to present evidence to rebut the burden imposed upon it, we are of the opinion that the Dodge automobile involved in the collision in the instant case was covered by the Norwich policy issued to Fontenot by the Ville Platte agency.
Since the Ville Platte agency did not deliver the endorsement to Fontenot, and thus make that endorsement effective prior to the accident, we are of the opinion that St. Paul Fire and Marine Insurance Company, as the "errors and omissions" insurer of the Ville Platte agency, is liable to Norwich for the loss which the latter must suffer because of the failure to deliver.
On quantum of damages, the lower court awarded to S. B. Anderson $1,500.00 for the use and benefit of Larry Anderson; $500.00 for the use and benefit of Renise Anderson; $663.17 in medical expenses incurred; and, $179.67 for damages to Anderson's automobile. Larry Anderson sustained a mild to moderate whiplash, and Renise Anderson sustained a bruised arm and contusions. These items are not disputed in the briefs filed, and we find no manifest error therein.
In the companion case, the lower court awarded Kerney Johnson $1,000.00 for his personal injury, a whiplash which caused severe pain for about two weeks with no real difficulty thereafter; $304.75 in medical expenses incurred; and, $242.69 for damage to his automobile. Those items, likewise, were not disputed in the briefs filed, and we find no manifest error therein.
Accordingly, the judgment of the lower court is affirmed in all respects. The costs of appeal are to be borne equally by appellants, Norwich Union Fire Insurance Society, *371 Ltd. and St. Paul Fire and Marine Insurance Company.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
FRUGÉ, J., recused.