CULPEPPER, Judge.
This is a suit for damages for personal injuries to Mrs. Mary Nunez Gage caused when the taxi cab in which she was a passenger was struck from the rear by a 1955 Mercury automobile. Named as defendants are Donald Dale Roy, driver of the Mercury, Edes Roy, the father of said driver, and State Farm Mutual Automobile-Insurance Company, alleged liability insurer. State Farm filed a motion for summary judgment on the grounds that its policy-covered only a 1959 Chevrolet owned jointly by Edes Roy and Donald Dale Roy; and' that the policy did not cover the 1955-Mercury which was owned by Edes Roy. The district judge granted summary judgment dismissing this suit as to the defendant-insurer. Plaintiffs appealed.
For purposes of the motion for summary judgment the following facts are shown-by the pleadings, the insurance policy, and' the depositions of Edes Roy and Donald" Dale Roy: Donald Dale Roy is the 19 year-old emancipated son of Edes Roy and isliving as a member of his father’s household. Donald had received a settlement for some kind of injury to his thumb and had used these funds to purchase the 1959’ Chevrolet automobile. Title to this vehicle was taken in the names of Edes Roy and Donald Dale Roy jointly. The day afterthe Chevrolet was purchased, April 10, 1963,. State Farm issued.the liability policy in: question here, with both Edes Roy and. Donald Roy as named insured. It is a “National Standard Automobile Policy— Combination Form” and includes coverages for bodily injury liability, property damage-liability, medical payments, damages caused' by uninsured motorists and certain death and disability benefits, etc. The 1959 Chevrolet is the only automobile described in the policy.
The depositions of Edes Roy and Donald' Dale Roy both show that at the time they applied for the policy Mr. John Vidos, the-insurance agent, specifically asked Mr. Edes Roy whether he wanted to also insure the 1955 Mercury owned by him. To which Mr. Edes Roy replied in the negative. Mr. Roy also testified that at the time of the-accident he had-no other insurance on the-Mercury automobile involved in the collision.
*887 The pertinent provisions of the policy are found under “Insuring Agreements” and are as follows:
•“I. COVERAGE A — Bodily Injury Liability. To pay on behalf of the insured all sums which the insured ■shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by .any person, caused by accident and .arising out of the ownership, maintenance or use of the automobile.”
ijc * * * * *
“IV. Automobile Defined, Trailers, Private Passenger Automobiles, Two or More Automobiles, Including Automatic Insurance.
“(a) Automobile. Except with respect to division 2 of coverage C and except where stated to the contrary, the word ‘automobile’ means:
“(1) Described Automobile — the motor vehicle or trailer described in this -policy;
“(2) Trailer — * * *
“(3) Temporary Substitute Automobile __‡ H? Hi
“(4) Newly Acquired Automobile Hi ^ Hi }i
H: * * H« * *
'“V. Use of Other Automobiles. If -the named insured is an individual or husband and wife and if during the •policy period such named insured, or spouse of such individual if a .resident ■ of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverages A, B, ■ division 1 • of coverage C, F and G -with respect to said automobile applies -with respect to any other automobile, .subject to the following provisions:
ip * H* H* H* H*
“(d) This insuring agreement does not apply:
(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household other than a private chauffeur or domestic servant of such named insured or spouse;”
As the trial judge pointed out in a well considered written opinion, the above quoted policy provisions clearly show there was no coverage here. Insuring Agreement I, Coverage A, states that coverage is afforded for bodily injury liability arising out of the use, etc. of the “automobile.” Insuring Agreement IV(a) defines “automobile” as being (1) the vehicle described in the policy, (2) any trailer, under certain conditions, (3) any temporary substitute automobile while the described vehicle is being repaired, etc. and (4) any newly acquired automobile under certain conditions. Clearly this was not a trailer, or a temporary substitute or a newly acquired automobile. Then Insuring Agreement V, with reference to “Use of Other Automobiles”, expressly states in subparagraph (d) (1) that this does not apply “to any automobile owned by or furnished for regular use to either the named insured or a member of the same household * * * ” The obvious purpose of this exclusion, as to the use of other automobiles; is to prevent the named insured and members of the same household from obtaining insurance on two automobiles, with the payment of only one premium.
Applying these policy provisions to the facts of the present matter, it is clear that the 1955 Mercury was not covered while driven by Donald Dale Roy. The Mercury was owned by Edes Roy, who is both a named insured and a member of the same household as Donald Dale Roy.
The argument is made by counsel for Donald Dale Roy and Edes Roy that their *888 primary intention in obtaining this policy was to insure against the neglig'ence of the son, who was the actual owner and principal operator of the 1959 Chevrolet; and that the son was covered while using this other automobile belonging to his father. The trial judge has correctly answered this argument as follows:
“Thus if Edes Roy is considered as owner of the 1959 Chevrolet and the named insured under mover’s policy, then at the time of the accident Donald Dale Roy was driving another automobile owned by the named insured. On the other hand, if Donald Dale Roy is considered the owner of the 1959 Chevrolet and the named insured under mover’s policy, then he was driving another car owned by a member of the same household at the time of the accident. In either case Donald Dale Roy is explicitly excluded from coverage while driving his father’s uninsured Mercury.”
The principal argument made by appellants in this court is that under the holdings in Lejeune v. State Farm Mutual Automobile Insurance Company, 107 So.2d 509 (La.App. 1st Cir. 1959); Indiana Lumbermens Insurance Company v. Russell, 243 La. 189, 142 So.2d 391 (1962); Pel-State Oil Company v. Weimer, 155 So.2d 218 (La.App. 2nd Cir. 1963); and De Shazo v. Cantrelle, 165 So.2d 893 (La.App. 4th Cir. 1964), all automobiles owned by Edes Roy are covered because there was no endorsement attached to the policy which expressly excluded the Mercury. A mere reading of the decisions in the cited cases shows they involved a different policy form. The policy in those cases was a “Family Combination Automobile Policy” which covered all automobiles owned by the named insured. A specific endorsement was required by the Casualty & Surety Division of the Louisiana Insurance Rating Commission to exclude any vehicle owned by the named insured. The policy in question here contains different language. This policy does not cover all “owned automobiles” but instead covers only the automobile described in the policy. The use of any other automobile belonging to the named insured, or a member of the same household, is expressly excluded. Hence the cited cases have no application here.
The record in this case does not show there is any rule or directive of the Casualty & Surety Division of the Louisiana Insurance Rating Commission requiring any such special restrictive endorsements for the policy form used here. We can see no purpose for such a directive, because this new policy form contains within its own provisions the above quoted language making it clear that the use of other vehicles owned by the named insured, or any member of his household, is not covered.
The final argument made by counsel for Mr. Roy and his son is that there are genuine issues of material fact which require the denial of this motion for summary judgment. LSA-C.C.P. Art. 966. The only such ^issue suggested is whether or not a restrictive endorsement, as discussed above, was or was not attached to the policy. As pointed out above, we do not think such an endorsement was required or necessary in this case. Hence it is immaterial whether one was attached or not. Furthermore, we see no other genuine issue of material fact which requires the denial of this summary judgment.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiffs appellants.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.